UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
OKSANA TIMOSHENKO, on behalf of herself
and all other similarly situated consumers

                Plaintiff,                               MEMORANDUM AND ORDER
                                                          17-CV-4472

    - against -


MULLOOLY, JEFFREY, ROONEY & FLYNN,
LLP,

                Defendant.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Plaintiff Oksana Timoshenko ("Timoshenko" or "Plaintiff") brings this putative class action against Mullooly, Jeffrey, Rooney & Flynn LLP ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, Timoshenko alleges that Defendant violated § 1692e of the FDCPA, which prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. Incredibly, the very language that Timoshenko alleges was deceptive—and the ***only*** language she alleges was deceptive—is language the Second Circuit has identified as a "safe harbor" provision, the use of which shields a debt collector from § 1692e liability. The Court therefore grants Defendant's motion for judgment on the pleadings and orders Plaintiff's counsel to show cause why he should not be sanctioned.

## BACKGROUND

        Defendant Mullooly, Jeffrey, Rooney & Flynn LLP is a debt-collection firm located in Syosset, New York. ECF No. 1 ("Compl.") ¶¶ 3-5; ECF No. 7 ("Answer") ¶¶ 4-6. Plaintiff Oksana Timoshenko is a citizen of New York who resides in the Eastern District of New York. Compl. ¶

1

1; Answer ¶ 2. On or about July 11, 2017, Defendant sent Timoshenko a letter (the "Collection Letter") regarding a debt she owed (and, presumably, still owes) Velocity Investments, LLC. *See* Compl. ¶ 9; ECF No. 1-1; Answer ¶ 8.[1] The Collection Letter stated, in relevant part, as follows:

> As of this date your balance is $2,435.48. Because of the interest or fees that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, please write or call G. BRICKMAN- (516) 656-5339.

Compl. ¶ 10; ECF No. 1-1; Answer ¶ 9. Timoshenko alleges that this language was false, misleading, and deceptive—in violation of § 1692e of the FDCPA—because it could reasonably be read to have two or more meanings concerning the actual balance due. Compl. ¶¶ 43-44. More specifically, she alleges that the Collection Letter was unclear regarding the amount due because it failed to indicate whether the amount listed already included interest or fees and because it failed to provide sufficient information regarding the interest or fees that might apply going forward. *See id.* ¶¶ 18-38. She also alleges that Defendant ***purposefully*** fails to provide additional information regarding interest and fees in order to induce payments that would not otherwise be made if consumers had full information. *Id.* ¶¶ 39-41.

Timoshenko filed her complaint on July 28, 2017. Compl. On August 9, 2017, Defendant's counsel contacted Plaintiff's counsel Igor Litvak and advised him that the Collection Letter did not violate the FDCPA because the language at issue conforms to the safe-harbor language endorsed by the Second Circuit in *Avila* v. *Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016). ECF No. 8-1 at 12. And indeed the language in the Collection Letter does conform to the safe-harbor provision endorsed in *Avila*, which reads as follows:

---

[1] Though not particularly relevant to this motion, the Collection Letter also indicated that the original creditor was TD Retail Card Services. *See* ECF No. 1-1.

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Avila*, 817 F.3d at 77 (quoting *Miller* v. *McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000)). Defendant's counsel also advised Litvak that the two post-*Avila* cases cited in the complaint—*Carlin* v. *Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), and *Balke* v. *Alliance One Receivables Management, Inc.*, No. 16-CV-5624, 2017 WL 2634653 (E.D.N.Y. June 19, 2017)—did not involve collection letters containing the *Avila* safe-harbor language. ECF No. 8-1 at 12. In light of these facts, Defendant's counsel asked Litvak to confirm that Timoshenko would be dismissing the case. *Id.* Instead, Litvak responded with an email (i) saying he saw "no merit" in the argument that *Carlin* and *Balke* did not concern letters containing the *Avila* safe-harbor language and (ii) making clear that Timoshenko would not be dismissing the case. *Id.* at 12-13.

On August 18, 2017, Defendant filed its answer to the complaint, ECF No. 7, and contemporaneously filed a motion for (i) judgment on the pleadings, under Rule 12(c) of the Federal Rules of Civil Procedure, and (ii) attorneys' fees and costs, under § 1692k(a)(3) of the FDCPA. ECF No. 8.

**LEGAL STANDARD**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay a trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, the Court applies the same standard as it does for Rule 12(b)(6) motions to dismiss. *Hayden* v. *Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Thus, to survive a Rule 12(c) motion, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc.* v. *Old Navy, LLC*, 647 F.3d 419, 422 (2d. Cir. 2011) (quoting *Roberts* v. *Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

**DISCUSSION**

The Collection Letter does not contain any false, deceptive, or misleading representations, even viewed from the perspective of the hypothetical "least sophisticated consumer," and Plaintiff's protestations to the contrary do not withstand scrutiny. We need not parse the Collection Letter in any great detail, however, nor Timoshenko's facially implausible allegations, because the *Avila* safe harbor plainly applies and is dispositive of this case. Timoshenko should not have filed this action in the first place, and Litvak, once directed to *Avila* by Defendant's counsel, should have advised his client to dismiss the lawsuit. Since they instead pressed on, forcing Defendant to file an answer and this motion, the only real questions facing the Court are whether it should award Defendant attorneys' fees or otherwise sanction Timoshenko or her counsel.

**I.     The *Avila* Safe Harbor**

In *Avila*, the plaintiff, like Timoshenko here, brought a § 1692e claim premised on an allegedly misleading collection letter. *Avila*, 817 F.3d at 74. There, the plaintiff argued that the collection letter was misleading, in violation of § 1692e, because it stated the consumer's "current balance" but did not disclose that the balance might increase due to interest and fees. *See id.* The Second Circuit agreed, holding "that the FDCPA requires debt collectors, when they notify customers of their account balance, to disclose that the balance may increase due to interest and

fees." *Id.* at 76. But the court also explicitly "adopt[ed] the 'safe harbor' approach adopted by the Seventh Circuit in *Miller*." *Id.*

In expounding that safe-harbor approach, the *Avila* court briefly discussed *Miller*, fully quoted the safe-harbor formula the Seventh Circuit adopted in that case (excerpted above), and then stated as follows:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter *will* increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Id.* at 77 (emphasis added). In opposing this motion, Timoshenko focuses narrowly on this one sentence, arguing that Defendant's letter does not qualify for the safe harbor because it did not state that the amount of the debt "will" increase, only that it "may" increase. *See* ECF No. 10 at 4-5. But if we read past that one sentence in *Avila*, the paragraph continues as follows: "Like the *Miller* court, we do not hold that a debt collector must use any particular disclaimer. ***Using the language set forth in* Miller *will qualify for safe-harbor treatment***, as would the language suggested in *Jones* [v. *Midland Funding, LLC*, 755 F. Supp. 2d 393 (D. Conn. 2010)]." *Avila*, 817 F.3d at 77 (emphasis added). Defendant here "us[ed] the language set forth in *Miller*," and therefore the Collection Letter qualifies for the safe harbor.

In addition to her blinkered reading of *Avila*, Timoshenko relies on two post-*Avila* cases, *Carlin* and *Balke*, but both are inapposite (and the latter is, in any event, not binding). First off, in *Carlin*, the plaintiff alleged that the defendant had violated § 1692g of the FDCPA, not § 1692e, by "fail[ing] to provide the 'amount of the debt' within five days after an initial communication with a consumer in connection with the collection of a debt." *Carlin*, 852 F.3d at 210. Here, by contrast, Timoshenko has alleged a violation only of § 1692e, not § 1692g. More importantly, the

5

collection letters at issue in *Carlin* and *Balke* did not include the safe-harbor language set forth in *Miller* and endorsed in *Avila*, and the defendants in those cases did not contend otherwise. *See* ECF No. 8-2 (*Balke* letter); *Carlin*, 852 F.3d at 211 (excerpting the relevant portion of the collection notice). Indeed, *Balke* does not discuss the *Miller* language endorsed in *Avila* at all. And the *Carlin* court mentioned the safe harbor only to say it was "not ignorant of the safe-harbor statement we formulated in *Avila*" and to explain why the letter at issue did not qualify for the safe harbor; the court did not revoke its prior endorsement of the *Miller* language or otherwise reverse or revise *Avila*. *See Carlin*, 852 F.3d at 216-17.

Timoshenko ignores all of this and trumpets sentences from *Carlin* that, shorn of all context, misleadingly suggest a requirement of exhaustive disclosure. In particular, Timoshenko makes much of the *Carlin* court's statement that a payoff statement "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Id.* at 216. From this one sentence, Timoshenko extrapolates that any collection letter is deceptive, in violation of § 1692e, if it fails to provide sufficient information regarding fees and interest for the consumer to determine her total outstanding debt "at any given moment in the future." But such a conclusion is at odds with *Avila*: There, in outlining the safe harbor, the court indicated that it "may be preferable" for a debt collector to "advise[] the consumer of the specific rate of increase in the debt over time," but it expressly stopped short of requiring this degree of disclosure. *Avila*, 817 F.3d at 77. And *Carlin*, read in context, does not require this degree of disclosure either. The problem with the collection letter in *Carlin* was that it did not clearly communicate the amount of debt due ***at the time the letter was sent***; the listed "Total Amount

6

Due" included unexplained, "estimated" fees and costs that had not yet become due, and the letter did not disaggregate the amount currently owed from the estimated future fees and costs. *See Carlin*, 852 F.3d at 211, 217. The letter thus violated § 1692g, which requires debt collectors to send consumers a written notice containing "the amount of the debt." 15 U.S.C. § 1692g(a)(1). The Collection Letter in this case *did* state the amount of the debt—which is likely why no § 1692g violation has been alleged.

In sum, neither *Carlin* nor *Balke* disturbs *Avila*'s clear guidance that "[u]sing the language set forth in *Miller* will qualify for safe-harbor treatment." *Avila*, 817 F.3d at 77. To hold otherwise would upset the reliance interests of the many debt collectors who, taking the Second Circuit at its word, drafted collection letters based on that guidance. Since the only language that Timoshenko has alleged to be false, deceptive, or misleading is substantively identical to the *Miller* language endorsed in *Avila*, she has failed to state a claim, and Defendant is entitled to judgment on the pleadings.

## II. Attorneys' Fees and Costs Under 15 U.S.C. § 1692k(a)(3)

Defendant has also moved for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). That provision of the FDCPA provides that a court may award a defendant reasonable attorneys' fees and costs upon finding that an action "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). But "[t]he fact that a defendant is entitled to judgment on the pleadings does not provide a basis for an automatic award of attorney's fees; there must be evidence that the plaintiff both knew that her claim was meritless and pursued it with the purpose of harassing the defendant." *Blumenfield* v. *Advanced Call Ctr. Techs., LLC*, No. 15-CV-4578, 2015 WL 6442621, at *3 (E.D.N.Y. Oct. 23, 2015). Moreover, a "[d]efendant must provide evidence of *plaintiff's* bad faith (as opposed to counsel's bad faith)." *Mellon* v. *Monarch*

7

*Recovery Mgmt., Inc.*, No. 17-CV-2695, 2017 WL 4776738, at *3 (E.D.N.Y. Oct. 17, 2017) (quotation marks omitted).

The Court finds that, here, Defendant has not met its burden of showing that Timoshenko filed this action in bad faith and for the purpose of harassment. Regarding bad faith, Defendant has not provided any evidence of **Timoshenko's** bad faith, only (as discussed below) her counsel's; the emails between Defendant's and Plaintiff's counsel provide no insight into Plaintiff's intentions. Her brief in opposition to this motion indicates that she "reasonably relie[d] on her counsel['s] interpretation of the current law," ECF No. 10 at 7, and the Court sees no reason to doubt that this is true. While the *Avila* safe harbor renders Timoshenko's claim meritless, a layperson cannot be expected to have known as much if she was receiving contrary (though incorrect) legal advice from her counsel. In any event, Defendant has not provided any evidence that Timoshenko brought this suit for the purpose of harassment. Accordingly, Defendant is not entitled to attorneys' fees and costs under § 1692k(a)(3).

### III. Rule 11 Sanctions

While Timoshenko's actions have not been shown to rise to the level of bad faith, the Court is less sanguine regarding the actions of Litvak, her counsel. Rule 11 of the Federal Rules of Civil Procedure provides that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). A pleading violates Rule 11 "where it is patently clear that a claim has absolutely no chance of success under the existing precedents." *Eastway Constr. Corp.* v. *City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), *superseded on other grounds by rule*. A court may

8

impose sanctions for violations of Rule 11, either on motion or *sua sponte* after issuing an order to show cause. *See* Fed. R. Civ. P. 11(c)(1)-(3).

The standard for levying Rule 11 sanctions differs depending on who initiates sanction proceedings: If a party initiates sanction proceedings, via motion, then the court may sanction an attorney for conduct that was "objectively unreasonable." *Muhammad* v. *Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). If, on the other hand, a court is considering whether to impose sanctions *sua sponte*, the proper standard is whether the attorney acted in "subjective bad faith." *Id.* An attorney has acted in bad faith where he or she makes a frivolous legal argument and knows the argument is meritless. *See In re Gushlak*, No. 11-MC-218, 2012 WL 2564523, at *2 (E.D.N.Y. July 2, 2012). An attorney's knowledge that an argument is meritless can be inferred from circumstantial evidence. *See Cardona* v. *Mohabir*, No. 14 Civ. 1596, 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014); *Gushlak*, 2012 WL 2564523, at *2.

Here, Timoshenko's claim is patently frivolous in light of the *Avila* safe harbor, for all of the reasons discussed above. Moreover, the evidence suggests that Litvak, her attorney, knew this to be the case. As described in Defendant's brief (and undisputed by Litvak), Defendant's counsel spoke with Litvak on August 9, 2017 and advised him that the Collection Letter did not violate the FDCPA because the language at issue conforms to the safe-harbor language endorsed by the Second Circuit in *Avila*. *See* ECF No. 8-1 at 12. Any competent attorney would know *Avila* forecloses Timoshenko's claim, and once made aware of that case (assuming, generously, that he did not already know about it), Litvak should have advised his client to voluntarily dismiss this action. Instead, he responded with the same frivolous argument that the Court dispensed with above, pointing to *Carlin* and *Balke* and vowing to press on. But the patina of legality afforded by reference to plainly inapposite case law does little to cloak what looks to the Court suspiciously

9

like a shakedown. Defendant likely could have settled this case for significantly less than the legal expenses it has incurred in filing its answer and motion, and no doubt Litvak knew as much when he decided to defend an indefensible position.

In view of the above, the Court will issue an order requiring Litvak to show cause why he should not be sanctioned for violating Rule 11(b)(2).[2] Litvak is advised that the Court will also be considering whether to order him to pay Defendant's attorneys' fees and costs pursuant to 28 U.S.C. § 1927. Defendant is welcome (though not required) to weigh in on the § 1927 issue, but no legal expenses incurred in briefing the issue will be included in any eventual award.

## CONCLUSION

A great virtue of judicially designed or endorsed safe harbors is that they provide certainty—for economic actors, for prospective litigants, and for courts. This certainty redounds to the benefit of the public in many ways, not least through the deterrence of frivolous lawsuits and the concomitant conservation of judicial resources. Lawsuits such as this frustrate these goals, wasting courts' time and draining blameless defendants of money that could be better spent elsewhere. For the reasons discussed above, Defendant's motion for judgment on the pleadings is granted; its request for attorney's fees under 15 U.S.C. § 1692k(a)(3) is denied; and Plaintiff's counsel Litvak is hereby ordered to show cause within seven days why he should not be sanctioned for his apparent violation of Rule 11(b)(2), described above.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2018

/s/ ___
I. Leo Glasser                    U.S.D.J.

---

[2] The Court is aware that there are two attorneys of record representing Plaintiff. Only Litvak signed Plaintiff's complaint and brief, however, *see* ECF Nos. 1, 10, and Plaintiff's other counsel did not enter a notice of appearance until after Defendant had already moved for judgment on the pleadings, *see* ECF No. 9.