**ROBERT L. ARLEO, ESQ. P.C.**
380 Lexington Avenue
17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115                                               Fax: (518) 751-1801
Email: robertarleo@gmail.com

April 1, 2018

Honorable I. Leo Glasser
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                          Re: Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP
                                17-cv-04472 (ILG)(ST)

Dear Senior District Judge Glasser:

    I am counsel for Mullooly, Jeffrey, Rooney & Flynn, LLP (MJRF), the Defendant named in the above-entitled lawsuit. I write in conjunction with the Memorandum and Order issued by Your Honor on March 30, 2018 (Dkt. No. 13) which granted the Defendant's motion for judgment on the pleadings. In said Memorandum and Order, Your Honor also directed Plaintiff's counsel, Igor Litvak, to show cause why he should not be sanctioned for his apparent violation of Fed. R. Civ. P. 11(b)(2). Your Honor also advises therein that the Court will be considering whether to compel Mr. Litvak to pay the Defendant's costs and attorneys fees pursuant to 28 U.S.C. § 1927. Please be advised that the Defendant accepts Your Honor's invitation to weigh in on the § 1927 issue. In that regard, the Defendant requests permission to submit papers in response to Mr. Litvak's show cause submission seven (7) days after Mr. Litvak files his papers pursuant to the seven (7) day deadline set forth in the Memorandum and Order.

    There is one other issue which the Defendant wishes to address. In footnote 2 on page 10 of the Memorandum and Order, Your Honor noted that there is another attorney of record for the Plaintiff but that said other attorney would not be subject to the show cause order directed to Mr. Litvak. Your Honor bases this decision upon the fact that the other attorney for the Plaintiff, Daniel C. Cohen, did not sign either the Complaint or the brief in opposition to the Defendant's motion for judgment on the pleadings. The Defendant respectfully begs to differ. As Your Honor confirms in footnote 2 on page 10 of the Memorandum and Order, Mr. Cohen filed his Notice of Appearance *after* the Defendant filed its motion for judgment on the pleadings. As Your Honor is well aware, all attorneys of record are charged with knowledge of all documents filed on the docket. Thus, Mr. Cohen is charged with knowledge of the contents of the Defendant's papers filed in support of its motion for judgment on the pleadings. His filing of a Notice of Appearance, with knowledge that the Plaintiff's allegations were patently baseless, constitutes his implied agreement to participate in the continued improper prosecution of the above-entitled

lawsuit. Mr. Cohen is further charged with knowledge of all of the filings which occurred *after* he filed his Notice of Appearance. These filings should have also placed him on notice that the prosecution of the above-entitled lawsuit was frivolous. An attorney of record cannot claim a "hear-no-evil-see-no-evil" defense in regard to filings made on the docket by other attorneys.

Although Mr. Cohen did not sign either the Complaint or the Plaintiff's opposition brief, Your Honor has the authority to also sanction Mr. Cohen pursuant to the court's "inherent power". District Judge Denis Hurley of this federal district court has previously and properly applied the court's inherent power, stating that this power may be used to sanction an attorney who demonstrates a "….willingness to proceed….." with a claim lacking a foundation based in fact. See *Inducol, LDA v. Ford Motor Co.,* 1992 U.S. Dist. LEXIS 11198, 46-7 (E.D.N.Y.). Judge Hurley justified his use of the court's inherent power by further stating "counsel…cannot be permitted to engage with impunity in conduct of egregious professional irresponsibility." *citing Perez v. Velez*, 629 F. Supp. 734, 737 (S.D.N.Y. 1985). This rationale fits Mr. Cohen's egregious participation in the above-entitled action perfectly. Importantly, the email communications between Mr. Litvak and me were copied into the Defendant's supporting Memorandum of Law which Mr. Cohen is charged with reading. No reasonable attorney would have filed a Notice of Appearance after reading the Defendant's supporting Memorandum *let alone the Complaint and the Defendant's collection letter*. By filing his Notice of Appearance, Mr. Cohen demonstrated *his* willingness to proceed with the baseless FDCPA claims set forth in the Complaint. Thus, Your Honor may invoke this Court's inherent power and direct Mr. Cohen to join Mr. Litvak in showing cause why he should not also be sanctioned.

Finally, the Defendant respectfully requests that Your Honor set a date for a court hearing in regard to the Rule 11(b)(2) and § 1927 issues and, hopefully, the inherent power issue and that said hearing be set for a date from April 22nd onward.

                                              Respectfully submitted,

                                              / s / *Robert L. Arleo*

                                              Robert L. Arleo

RLA:gra
cc: All attorneys of records via ECF
    Mullooly, Jeffrey, Rooney & Flynn, LLP