UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

OKSANA TIMOSHENKO on behalf of herself and
all other similarly situated consumers

                    Plaintiff,                  CASE NO.

       -against-                       17-cv-04472 (ILG)(ST)

MULLOOLY, JEFFREY, ROONEY & FLYNN,
LLP,
               Defendant.
_____


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO COURT'S SUA SPONTE REQUEST FOR RULE 11 SANCTIONS AND ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927**

**Igor Litvak, Esq.**
**Attorney for the Plaintiff**
**The Litvak Law Firm, PLLC**
**1701 Avenue P**
**Brooklyn, New York 11229**
**Office: (718) 989-2908**
**Facsimile: (718) 989-2908**
**E-mail: Igor@LitvakLawNY.com**

# TABLE OF CONTENTS

FACTUAL AND PROCEDURAL BACKGROUND.................................................................... 1

ARGUMENT ............................................................................................................................. 3

   **1.** STANDARDS FOR RULE 11 SUE SPONTE SANCTIONS ............................................... 3

   **2.** SUA SPONTE RULE 11 SANCTIONS ARE NOT WARRANTED IN THIS CASE.......... 7

   **3.** STANDARDS UNDER 28 U.S.C. § 1927 ....................................................................... 12

CONCLUSION....................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

Adkins v. GMC, 2011 U.S. Dist LEXIS 36480, 4-5 (E.D.N.Y. Mar. 31, 2011) .......................... 13
Arclightz & Films Pvt. Ltd. v. Video Palace, Inc., 2003 U.S. Dist. LEXIS 19086, 7 (S.D.N.Y. Oct. 24, 2003) ............................................................................................................. 12, 13
Ario v. Underwriting Members of Syndicate 53 at Lloyds, 618 F.3d 277, 297 (3d Cir. 2010) ..... 6
Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016) .............................................. 2
Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) ............................................................... 6
Balke v. Alliance One Receivables Mgmt., 2017 U.S. Dist. LEXIS 94021, 10 (E.D.N.Y. June 19, 2017) ...................................................................................................................... ..9, 10, 11, 14
Browning Debenture Holders' Comm. v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977) ....... 4
Bukhbinoler v. Stoneleigh Recovery Assoc., LLC, 2018 U.S. Dist. LEXIS 15084, 10-11 (E.D.N.Y. Jan. 29, 2018) ............................................................................................................ 13
Carlin v. Davidson Fink LLP, 852 F.3d 207, 210 (2d Cir. 2017) ............................................ 7, 14
Castro v. Mitchell, 727 F. Supp. 2d 302, 309-310 (S.D.N.Y. 2010) ............................................. 6
Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) .................................................................... 15
DaimlerChrysler Corporation v. Gibson, 534 U.S. 1104 .............................................................. 6
Derosa v. CAC Fin. Corp., 278 F. Supp.3d 555, 560 (E.D.N.Y. 2017) ....................................... 13
E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) ......................................... 5
Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) .............................................................. 12
Gibson v. Chrysler Corporation, 261 F.3d 927, 949 (9th Cir. 2001) ............................................ 6
Grubb v. Green Tree Servicing, LLC, 2017 U.S. Dist. LEXIS 117465, 36-38, (D.N.J. July 27, 2017) ............................................................................................................................................. 8
Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995) .......................................... 4
Hudson Motors Partnership v. Crest Leasing Enters., 845 F. Supp 969, 972 (E.D.N.Y. 1994) ... 13
Hunter v. Earthgrains Company Bakery, 281 F.3d 144, 156-57 (4th Cir. 2002) .......................... 6
In re Gushlak, 2012 U.S. Dist. LEXIS 91690 (E.D.N.Y. July 2, 2012) ........................................ 5
In re Pennie & Edmonds LLP, 323 F.3d 86, 91 (2003) ................................................................ 4
Jones v. Midland Funding, LLC, 755 F. Supp. 2d 393, 397 n.4 (D. Conn. 2010) ........................ 7
Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990), cert. denied, 498 U.S. 1028 (1991) ..... 4, 6
McMahon v Shearson/American Express, Inc., 896 F.2d 17, 22 (2d Cir 1990) ............................ 4
Motown Prods. v Cacomm, Inc., 849 F2d 781, 785 (2d Cir 1988) ............................................... 4
Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F3d 87, 95 (2d Cir 1999) ......................... 6
Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986) ........................................................... 5
Peloza v. Capistrano Unified School District, 37 F.3d 517, 524 (9th Cir. 1994), cert. denied, 515 U.S. 1173 (1995) ........................................................................................................................... 6
Polak v. Kirschenbaum & Phillips, P.C., 2018 U.S. Dist. LEXIS 27117 (E.D.N.Y. Feb. 16, 2018) ..................................................................................................................................................... 14
Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) ..................................................... 13
Russell v. Equifax A.R.S., 74 F.3d 30, 36 (2d Cir. 1996) .............................................................. 8
Tepper v. Amos Fin., LLC, 2017 U.S. Dist. LEXIS 127697, 26 ( E.D. Pa. August 11, 2017) ..... 8
United States v. Alexander, 981 F.2d 250, 253 (5th Cir. 1993) .................................................... 6
United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) .................................................................................. 12

Vacco v. Operation Rescue Nat'l, 80 F.3d 64, 72 (2d Cir. 1996) ................................................ 12
Zlotnick v. Hubbard, 572 F. Supp. 2d 258, 272 (N.D.N.Y. 2008) ............................................... 12

**Statutes**
§ 1692k(a)(3) ................................................................................................................................ 2
15 U.S.C. § 1692 .......................................................................................................................... 1
28 U.S.C. § 1927 ..................................................................................................... 1, 3, 12, 13, 14, 15

**Rules**
Fed. R. Civ. P. 11(c)(1) ................................................................................................................ 3
Fed. R. Civ. P. 11(c)(4) ................................................................................................................ 7
Rule 11 ...................................................................................................................................... 1, 5
Rule 11(b) .................................................................................................................................... 3
Rule 11(b)(1) ............................................................................................................................... 5
Rule 11(b)(2) ............................................................................................................................... 3
Rule 11(c)(2) ............................................................................................................................... 6
Rule 11(c)(3) ............................................................................................................................... 3
Rule 12(c) .................................................................................................................................... 2

Igor Litvak, Esq., attorney for Plaintiff OKSANA TIMOSHENKO ("Plaintiff"), respectfully submits the following memorandum of law in opposition to this Court's *sua sponte* request for Rule 11 sanctions and Defendant's attorneys' fees and costs pursuant to 28 U.S.C. § 1927.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this class action Complaint against Defendant MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP, alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") by sending Plaintiff a collection letter ("Collection Letter").

Plaintiff alleged that this letter dated July 11th, 2017, Defendant stated "[a]s of this date your balance is $2,435.48. Because of the interest or fees that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, please write or call G. BRICKMAN-(516) 656-5339." Docket No. 1 at ¶ 10.

The complaint further alleges that the least sophisticated consumer unable to determine the amount of his or her debt because:

> 18. The July 11th, 2017 letter failed to inform Plaintiff whether the amount listed is the actual amount of the debt due.
>
> 19. The July 11th, 2017 letter failed to inform Plaintiff whether the amount listed already includes "interest."
>
> 20. The July 11th, 2017 letter failed to inform Plaintiff whether the amount listed already includes "fees."
>
> 21. The July 11th, 2017 letter failed to advise Plaintiff what portion of the amount listed is principal.

1

> 22. The July 11th, 2017 letter failed to inform Plaintiff what "fees" might apply.
>
> 23. The July 11th, 2017 letter failed to inform Plaintiff if "fees" are applied, when such "fees" will be applied.
>
> 24. The July 11th, 2017 letter failed to inform Plaintiff if "fees" are applied, what the amount of those "fees" will be.
>
> 25. The July 11th, 2017 letter failed to inform Plaintiff of the nature of the "fees.
>
> 26. The July 11th, 2017 letter failed to inform Plaintiff if there is "interest," what the amount of the interest will be.
>
> 27. The July 11th, 2017 letter failed to inform Plaintiff if there is "interest," when such interest will be applied.
>
> 28. The July 11th, 2017 letter failed to inform Plaintiff if there is "interest," what the interest rate is.

Id. at 18-28.

On August 18, 2017, Defendant filed its answer to the complaint, ECF No. 7, and contemporaneously filed a motion for (i) judgment on the pleadings, under Rule 12(c) of the Federal Rules of Civil Procedure, and (ii) attorneys' fees and costs, under § 1692k(a)(3) of the FDCPA. Docket No. 8. The gist of the Defendant's argument in support of its motion was that the Collection Letter did not violate the FDCPA because the language at issue conforms to the safe-harbor language endorsed by the Second Circuit in Avia. Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016).

Plaintiff filed an opposition arguing that the Avila safe harbor language cannot save Defendant's Collection Letter because the Letter does not "accurately informs the consumer that the amount of the debt stated in the letter **will** increase over time, and that the letter does not "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." Avila, 817 F.3d at 77.

This Court disagreed with Plaintiff's argument and in its decision dated March 30, 2018, Dkt. No. 13, held that "[s]ince the only language that Timoshenko has alleged to be false, deceptive, or misleading is substantively identical to the Miller language endorsed in Avila, she has failed to state a claim, and Defendant is entitled to judgment on the pleadings." Id. at 7. In addition, the Court stated that since "Timoshenko's claim is patently frivolous in light of the Avila safe harbor . . . the Court will issue an order requiring Litvak to show cause why he should not be sanctioned for violating Rule 11(b)(2)" and "the Court will also be considering whether to order him to pay Defendant's attorneys' fees and costs pursuant to 28 U.S.C. § 1927." Id. at 9-10.

Therefore, Igor Litvak, counsel for Plaintiff, respectfully submits this memorandum of law in opposition to this Court's *sua sponte* request for Rule 11 sanctions and Defendant's attorneys' fees and costs pursuant to 28 U.S.C. § 1927. In addition, Mr. Litvak addresses Defendant's letter to this Court dated April 1, 2018, in which Robert L. Arleo suggested that the Court "[a]lthough Mr. Cohen [the other Plaintiff counsel] did not sign either the Complaint or the Plaintiff's opposition brief, Your Honor has the authority to also sanction Mr. Cohen pursuant to the court's "inherent power." Dkt. No. 14.

**ARGUMENT**

**1. STANDARDS FOR RULE 11 *SUE SPONTE* SANCTIONS**

Rule 11 permits a court to impose sanctions *sua sponte* "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1); see also id. Rule 11(c)(3)("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). But a court cannot impose sanctions after a party is no longer able to withdraw or amend its challenged pleading unless the court makes a

3

finding of subjective bad faith.  See In re Pennie & Edmonds LLP, 323 F.3d 86, 91 (2003) ("Where the sanctions are "initiated by the District Court . . . long after [the party] had an opportunity to correct or withdraw the challenged submission . . . a 'bad faith' standard, applicable for contempt proceedings, is especially appropriate and is what the rule-makers contemplated."); see also Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995) (imposing sanctions *sua sponte* requires conduct "akin to a contempt of court").  Moreover, "sua sponte Rule 11 sanctions must be reviewed with "'particular stringency.'" In re Pennie, 323 F.3d at 90.

The Second Circuit has stated that cases are brought in bad faith when "the claim is entirely without color and has been asserted wantonly, for the purposes of harassment or delay." Browning Debenture Holders' Comm. v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977).  Not all unsuccessful legal arguments are frivolous or warrant sanction.  Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir 1990).  Moreover, as the Second Circuit explained in McMahon v Shearson/American Express, Inc., 896 F.2d 17, 22 (2d Cir 1990):

> Rule is not intended to chill an attorney's creative, imaginative or enthusiastic advocacy on his client's behalf. So long as his pleadings meet the test of reasonableness and are not interposed for what the amendment identifies as improper purposes -- that is to say, counsel's actions are not a dilatory or abusive tactic designed simply to delay, harass or cause his adversary needless expense -- sanctions are not warranted.

See also Motown Prods. v Cacomm, Inc., 849 F2d 781, 785 (2d Cir 1988)("Although the imposition of sanctions is mandatory when a claim has absolutely "no chance of success," that mandate is tempered by reminding judges to refrain from imposing sanctions where such action would "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law)(citations omitted)

4

In fact, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986). "Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy." E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 179 (S.D.N.Y. 2008). In determining whether a pleading complies with Rule 11, "the court is to avoid hindsight and resolve all doubts in favor of the signer." Oliveri, 803 F.2d 1265 at 1275.

In recent years, courts in this circuit have clarified that the subjective bad faith standard, as applied in the context of *sua sponte* Rule 11 sanctions, requires an attorney to have actual knowledge that a pleading or argument that he or she is advancing is frivolous. In the Eastern District of New York, for example, the standard for subjective bad faith has been referred to as "frivolous plus." In re Gushlak, 2012 U.S. Dist. LEXIS 91690, (E.D.N.Y. July 2, 2012) (holding that "it is not sufficient to find that a legal argument is frivolous," to reach a finding of subjective bad faith; rather, "[t]here must also be either direct or circumstantial evidence that counsel knew that the argument was without merit"). One type of circumstantial evidence of such knowledge is evidence that the argument was made for an improper purpose. Rule 11(b)(1) provides examples of such improper purposes such as "to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

Concerning our case, Plaintiff's Counsel respectfully submits that an attempt to distinguish the Avila "safe harbor" language or otherwise limit its application is not tantamount to bad faith as the argument was made not for an improper purpose; it was an attempt "to extend, modify, or reverse existing law." Indeed, Rule 11 imposes a duty to be circumspect in pursuing such a drastic remedy and to not to use the device for an improper purpose lest it may discourage expansion of the law through creative legal theories. See Ario v. Underwriting Members of

5

Syndicate 53 at Lloyds, 618 F.3d 277, 297 (3d Cir. 2010)(Rule 11 "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.") (citations omitted).

Courts have held that plausible arguments to extend, modify, or reverse existing law are not subject to Rule 11 sanctions. See, e.g., Hunter v. Earthgrains Company Bakery, 281 F.3d 144, 156-57 (4th Cir. 2002)(reversing sanction of attorney who inartfully argued for reversal of Circuit precedent); Gibson v. Chrysler Corporation, 261 F.3d 927, 949 (9th Cir. 2001), cert. denied sub nom., DaimlerChrysler Corporation v. Gibson, 534 U.S. 1104 (reversing award of Rule 11 sanctions because "we recognize the difficulties faced by parties who seek to advance novel legal arguments"); Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998)("[T]he purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression."); Peloza v. Capistrano Unified School District, 37 F.3d 517, 524 (9th Cir. 1994), cert. denied, 515 U.S. 1173 (1995) (dismissed complaint was not sanctionable as it raised important questions of first impression); United States v. Alexander, 981 F.2d 250, 253 (5th Cir. 1993)("Parties who argue points of first impression in a circuit are not ordinarily the recipients of Rule 11 sanctions order,"); Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990), cert. denied, 498 U.S. 1028 (1991)("[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.") (citations omitted).

It should be noted that because Rule 11(c)(2) permits a court to award attorneys' fees only by motion, the district court had no authority to do so *sua sponte*. Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F3d 87, 95 (2d Cir 1999); Castro v. Mitchell, 727 F. Supp. 2d 302, 309-310 (S.D.N.Y. 2010) (a sanction could not include "an order directing payment to the

6

movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," because attorney's fees can only be included in a sanction that is "imposed on motion." Fed. R. Civ. P. 11(c)(4). Thus, a sanction imposed *sua sponte* would be limited to "nonmonetary directives" or "an order to pay a penalty into court").

   2.   *SUA SPONTE* RULE 11 SANCTIONS ARE NOT WARRANTED IN THIS CASE

In this case the Court made a number of findings. For our purposes two are important: first: "in Carlin, the plaintiff alleged that the defendant had violated § 1692g of the FDCPA, not § 1692e, by "fail[ing] to provide the 'amount of the debt' within five days after an initial communication with a consumer in connection with the collection of a debt." Carlin v. Davidson Fink LLP, 852 F.3d 207, 210 (2d Cir. 2017). Here, by contrast, Timoshenko has alleged a violation only of § 1692e, not § 1692g." Dkt. No. 13 at 5.

The second finding: "the collection letters at issue in Carlin and Balke did not include the safe-harbor language set forth in Miller and endorsed in Avila, and the defendants in those cases did not contend otherwise. See ECF No. 8-2 (Balke letter); Carlin, 852 F.3d at 211 (excerpting the relevant portion of the collection notice). Indeed, Balke does not discuss the Miller language endorsed in Avila at all." Id. at 5-6.

As to the Court's first point, although Counsel may have only alleged a violation of § 1692e and although the Counsel may be wrong on the law, when Counsel advanced his argument not only did he not act in "subjective bad faith," but reasonably thought that his argument had significant merit. In fact multiple courts have found that analysis under § 1692e(2)(A), § 1692e(10), and § 1692g(a)(1) is "essentially the same." See Jones v. Midland Funding, LLC, 755 F. Supp. 2d 393, 397 n.4 (D. Conn. 2010)(noting that analysis under § 1692e(2)(A), § 1692e(10), and § 1692g(a)(1) is "essentially the same")(citing Russell v. Equifax

7

A.R.S., 74 F.3d 30, 36 (2d Cir. 1996); Dragon v. I.C. Sys., 483 F Supp 2d 198 (D. Conn. 2007).

Moreover, other courts have reasonably found that letters that contain the Avila/Miller disclosure still violate the FDCPA if they provide only a lump sum of the debt owed without further explanation of how such amount is calculated. In Tepper v. Amos Fin., LLC, 2017 U.S. Dist. LEXIS 127697, 26, (E.D. Pa. August 11, 2017) summarized:

> **Referring to the Third Circuit's "least sophisticated debtor" standard, Plaintiffs argue that the letters violate § 1692e in that they provide only a lump sum of the debt owed without further explanation of how such amount is calculated**. We agree with Plaintiffs that both letters are deficient in this respect. See Grubb v. Green Tree Servicing, LLC, No. CIV.A. 13-07421 FLW, 2014 U.S. Dist. LEXIS 100886, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014) (declining to dismiss FDCPA claim under where a written letter provided a lump sum with no further information regarding how the amount of debt was calculated) (citing Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000)); Jones v. Midland Funding, LLC, 755 F. Supp. 2d 393, 397 n.4 (D. Conn. 2010) (**noting that analysis under § 1692e(2)(A), § 1692e(10), and § 1692g(a)(1) is "essentially the same"**) (emphasis added).

In Grubb v. Green Tree Servicing, LLC, 2017 U.S. Dist. LEXIS 117465, 36-38, (D.N.J. July 27, 2017), the court held:

> **Here, as noted above, Plaintiff asserts claims under §§ 1692e and 1692g of the FDCPA. Because Plaintiff's claims are based upon identical alleged facts and theories, the same analysis is applicable for the purpose of determining materiality under both provisions of that statute...** Moreover, due to the accumulation of interest, the amount due under the original loan and the amount being collected, typically constitute different figures. Thus, a debt collection letter which solely provides for the "total due," without providing an explanation as to how that amount was calculated, fails to provide the least sophisticated debtor with an adequate basis to dispute whether the alleged debt was properly configured, and, in turn, whether that debt should be challenged. Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004)(finding that a debtor's ability to dispute a debt was hindered by a debt collection letter that failed to provide how the

alleged debt was calculated, because "an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely."). Thus, the errors in the May 1 and May 3 Letters are material, because they are "capable of influencing the decision of the least sophisticated debtor." Jensen, 791 F.3d at 421(internal citation omitted). **Defendant maintains that it complied with its obligations under the FDCPA, because the May 1 Letter contained the following "safe harbor" language: As of April 30, 2013, you owe $307,606.12. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.**"

. . .

n. 6. Indeed, as held by the court, there, a debt collector who provides the above stated language in a debt collection letter "will not violate the 'amount of the debt' provision [of the FDCPA], provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)." Id. at 876 (internal citations omitted). Accordingly, the incorporation of this "safe harbor" language does not transform an otherwise confusing debt validation notice.")

Since multiple courts have found that the analysis under § 1692e(2)(A), § 1692e(10), and § 1692g(a)(1) is "essentially the same," and even if those courts are wrong or even if Plaintiff's Counsel application of that analysis is wrong, that error alone should not raise the Counsel's understanding or misunderstanding of the case law to the level of bad faith especially when in responding to Defendant's motion Counsel clearly, albeit mistakenly, believed that Defendant's letter would have been found to be in violation of 1692e by the Balke and Carlin courts.

As to the court's second point, it seems that this Court is overlooking some of the facts in the Carlin and Balke cases. The collection letters at issue in Balke (Section 1692e and 1692g case) did include supposed safe-harbor language as set forth in Miller and endorsed in Avila. See ECF No. 8-2 (Balke letter); Balke v. Alliance One Receivables Mgmt., 2017 U.S. Dist. LEXIS 94021, at 10 (E.D.N.Y. June 19, 2017)("First, the Plaintiff challenges the following portion of the Collection Letter on the ground that it fails to adequately convey the amount of the

9

debt: **As of the date of this letter, you owe $10532.20. Your account balance may be periodically increased due to the addition of accrued interest or other changes if so provided in your agreement with your original creditor.**") (emphasis added).

Although this Court is free to disagree with Balke, and, in fact, the Balke court may have even been wrong, it was definitely reasonable for Counsel to understand and then suggest that the letter in this case is in violation of 1692e since the Balke court specifically found that despite the fact that the letter in the Balke case contained the supposed safe harbor interest disclosure, the Balke court still found that this disclosure was not enough. The Balke court specifically stated:

> [T]he Plaintiff challenges the following portion of the Collection Letter on the ground that it fails to adequately convey the amount of the debt: **As of the date of this letter, you owe $10532.20. Your account balance may be periodically increased due to the addition of accrued interest or other changes if so provided in your agreement with your original creditor. . . .** The Plaintiff contends that this language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and **§ 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt. According to the Plaintiff, the quoted language violates these provisions because it "fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, what 'other charges' might apply, and it does not provide any information about the claimed 'accrued interest.' "** See Def. Memo of Law at 5; see generally PAC ¶¶ 19-81. **In the Court's view, the Plaintiff has sufficiently alleged that this aspect of the Collection Letter supports a plausible claim for relief under the statute**.

Balke, 2017 U.S. Dist. LEXIS 94021 at 10-11. (emphasis added).

In Balke the letter had an interest disclosure which specifically stated "Your account balance may be periodically increased due to the addition of accrued interest or other changes if so provided in your agreement with your original creditor." Id. at 10. Despite the fact

that the letter in Balke had this safe harbor language advising of interest and other charges as the Avila court recommended, **the Balke court still stated "without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time**." Id. at 14. (emphasis added). In addition, the Court in Balke found that the letter was in violation not only of 1692g but also in violation of 1692e despite the fact that the letter had a safe harbor language.

Similarly, in this case, it was reasonable for Plaintiff's Counsel to conclude the same result since the letter in this case stated: "Because of the interest or fees that may vary from day to day, the amount due on the day you pay may be greater." If this case would have been in front of the Balke court that court would have most likely found the same as it did in Balke, namely that such language is not enough. Therefore, at the minimum, even if Counsel in this case was wrong on the law Counsel learned that from Court's decision, but debating the law is what motion practice is about. During the motion practice it was reasonable for Plaintiff's Counsel to conclude in this case that without any clarifying details, the Collection Letter stating only that these unspecified assessments may be added to the balance due violates the FDCPA, which the Balke court found to be insufficient to accurately inform the debtor that the amount of the debt stated in the letter will increase over time. Although the Balke court did address Avila and Carlin it still found the interest disclosure to be in violation of 15 USC 1692e.

Although this Court seems to have found that Plaintiff's Counsel, in this case, misunderstood the holding in Carlin and although Plaintiff's Counsel may have misunderstood Carlin's application to the facts of this case, divergent understandings of the case law or the mistaken application of the law should not be subject to sanctions.

11

Therefore, the Court's *sue sponte* request to sanction Plaintiff's Counsel would be unjust as Counsel's argument was not brought in bad faith and it is NOT "entirely without color and has been [NOT] asserted wantonly, for the purposes of harassment or delay."

### 3. STANDARDS UNDER 28 U.S.C. § 1927

The statute provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. §1927; see, e.g. United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991)("By its terms, § 1927 looks to unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics.").

To impose sanctions pursuant to Section 1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith — that is, 'motivated by improper purposes such as harassment or delay.'" Zlotnick v. Hubbard, 572 F. Supp. 2d 258, 272 (N.D.N.Y. 2008)(quoting Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000)); see also Arclightz & Films Pvt. Ltd. v. Video Palace, Inc., 2003 U.S. Dist. LEXIS 19086, at 7 (S.D.N.Y. Oct. 24, 2003) ("Section 1927 authorizes the imposition of sanctions when there is a clear showing of bad faith on the part of the attorney." (internal quotation marks and citation omitted)).

In the context of Section 1927, bad faith "can be inferred when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Vacco v. Operation Rescue Nat'l, 80 F.3d 64, 72 (2d Cir. 1996)(internal quotation marks and citation omitted). Under this statute, "[b]ad

faith conduct may include pursuing frivolous contentions, frivolous motions, or intentionally dilatory conduct." Arclightz, 2003 U.S. Dist. LEXIS 19086, (internal quotation marks and citation omitted). The statute, however, should be "construed narrowly and with great caution, so as not to stifle zealous advocacy." Id. (internal quotation marks and citation omitted).

Courts in this circuit construe the statute "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Adkins v. GMC, 2011 U.S. Dist LEXIS 36480, at 4-5 (E.D.N.Y. Mar. 31, 2011); Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004); Hudson Motors Partnership v. Crest Leasing Enters., 845 F. Supp 969, 972 (E.D.N.Y. 1994)( Without a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to 28 U.S.C.S. § 1927 are inappropriate).

In a recent case, Plaintiff argued that a Collection Letter did not provide sufficient information to the least sophisticated consumer about whether or not interest was actually accruing, contrary to the Avila requirements for a "safe harbor, because "if interest or fees were not going to continue to accrue, the Collection Letter was required to state it "clearly." Bukhbinoler v. Stoneleigh Recovery Assoc., LLC, 2018 U.S. Dist. LEXIS 15084, at 10-11 (E.D.N.Y. Jan. 29, 2018). The Bukhbinoler Court noted that since "the Second Circuit's holding in Avila did not directly address the argument about whether it is misleading to list the amount owed "'without affirmatively noting that the amount is not increasing,'" the Court declined to impose fees and cost under 28 U.S.C. § 1927 where "the plaintiff repeatedly, and consistently, described his theory of the case to the defendant, and that this theory of the case is based on a genuine disagreement as to this question of law." Id. at 12.

Overall, the Avila decision has not been static as several courts have clarified its holding. See, e.g., Derosa v. CAC Fin. Corp., 278 F. Supp.3d 555, 560 (E.D.N.Y. 2017)("The

13

Second Circuit later clarified its holding by finding a violation where the notice included a statement that interest "may include estimated fees and costs" without any further information on how to calculate such fees and costs and about whether those fees and costs were actually accruing")(citing <u>Carlin v. Davidson Fink LLP</u>, 852 F.3d 207, 216 (2d Cir. 2017)(finding a collection letter incomplete where it omitted, inter alia, "an explanation of any fees and interest that will cause the balance to increase")); <u>Balke v. Alliance One Receivables Mgmt., Inc.</u>, 2017 U.S. Dist. LEXIS 94021, (E.D.N.Y. June 19, 2017)(denying motion to dismiss where notice stated that balance "may be periodically increased," but was supported only by vague references to "accrued interest or other charges"); <u>Polak v. Kirschenbaum & Phillips, P.C.</u>, 2018 U.S. Dist. LEXIS 27117 (E.D.N.Y. Feb. 16, 2018)( dismissing defendants' motion as to sections 1692e and 1692g where somewhat similar collection letter contains neither of the two alternatives set forth in <u>Avila</u>).

Here, Plaintiff's Counsel, relying on <u>Carlin</u> and <u>Balke,</u> argued the Collection Letter violated the FDCPA. Thus, at best, there is a genuine disagreement between the parties as to the interpretation of law in the wake of <u>Avila</u>.

Therefore, for the reasons stated in details in the Rule 11 sanctions section, since Plaintiff's Counsel acted in good faith in compliance with his duty to zealously represent the client's interest, the Court should not order him to pay Defendant's attorneys' fees and costs pursuant to 28 U.S.C. § 1927.

In addition, for the same reasons, the Court should reject Defendant's request to sanction Mr. Cohen pursuant to the Court's inherent power. Moreover, this counsel's actions should not be imputed to Mr. Cohen since he neither signed the Complaint nor the Plaintiff's opposition brief as he entered a notice of appearance only after Defendant had already moved for

judgment on the pleadings.  See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 50, (1991)(although courts have the "inherent power to impose attorney's fees as a sanction for bad-faith conduct," "[a] court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees").

## CONCLUSION

Therefore, for the reasons stated above, it is respectfully requested that this Court decline imposing any sanctions on Plaintiff's Counsel pursuant to Rule 11 or its inherent power, and decline to order him to pay Defendant's attorneys' fees and costs pursuant to 28 U.S.C. § 1927.

**Dated**: Brooklyn, New York
April 5, 2018

Respectfully submitted,

/s/ Igor Litvak
_____
Igor Litvak, Esq.
Attorneys for the Plaintiff
The Litvak Law Firm, PLLC
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 989-2908
Facsimile: (718) 989-2908
E-mail: Igor@LitvakLawNY.com