# THE LITVAK LAW FIRM, PLLC

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1701 AVENUE P, BROOKLYN, NY 11229 • 718-989-2908 • IGOR@LITVAKLAWNY.COM

March 10th, 2019

<u>VIA ECF</u>

Honorable I. Leo Glasser
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP
           17-cv-04472 (ILG)(ST)

Dear Senior District Judge Glasser:

    Please consider this letter as a Reply to Mr. Arleo letter dated March 8th, 2019 in connection with the Order issued by Your Honor directing me to show cause why Your Honor should not sanction me pursuant to Fed. R Civ. P. 11(b)(2) and not compel me to pay the Defendant's attorney fees and costs pursuant to 28 U.S.C. § 1927.

    The complaint in the Saraci v Convergent Outsourcing Inc, the case mentioned by Arleo in the March 8th letter, was filed by Maxim Maximov, LLP on November 15th, 2018. I filed a notice of appearance in that case on December 28th, 2018 in advance of status conference scheduled with Judge Cogan on January 10th, 2019. The last involvement I had in any FDCPA litigation was approximately 18 months ago. However, in January of 2019 Maxim Maximov Law Firm's regular appearance counsel, attorney Yanina Tabachnikova and Julius Toonkel, were away or otherwise not available. Maximov Law Firm, which is located in the same building as my firm, asked me to cover, solely as of-counsel appearance attorney, three FDCPA status conferences. Mr. Litvak did not sign nor file any of the pleadings or motions in any of the cases on which I appeared as of-counsel in January of 2019. Since January of 2019 status conferences, I had no further involvement in those cases or any other FDCPA related litigation. In addition, during the January 10th, 2019 conference Judge Cogan observed that Rule 11 is not involved in the case since Plaintiff counsel did have good faith bases in pursing litigation. The Defendant also did not seek sanctions pursuant to Rule 11. On the whole, Saraci v Convergent Outsourcing case has nothing to do what so ever with the case at bar.

    The filing of March 8th, 2019 is yet another blatant example by attorney Robert Arleo to mislead this Court. Arleo knows that I no longer practice FDCPA but still decided to mislead this Court. By way of background, Arleo had to explain himself and apologize to the Court once before after falsely accusing me of sending a certain email the defense counsel in the

Bukhbinoler litigation. Apparently, Arleo did not learn his lesson and continues to engage in the same behavior. Therefore, Attorney Igor Litvak once again respectfully moves this Court to sanction Attorney Robert Arleo for his unethical conduct before this Court.

In light of the Arleo March 8th letter, I also once again would like to reiterate my position with respect to the issues raised by the Court. The Balke court found that Plaintiff "states a plausible claim for relief under sections 1692g(a)(1) and 1692e of the FDCPA on the ground that the Collection Letter failed to adequately convey the amount of the debt," Balke v. Alliance One Receivables Mgmt., 2017 U.S. Dist. LEXIS 94021, at 16 (E.D.N.Y. June 19, 2017), and not because "[t]he statement in the Balke letter is incomplete as it fails to also advise a consumer 'Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will contact you before depositing the check for collection." See Arleo letter at 3. In fact, the Avila decision provides in disjunctive that "a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice **either** accurately informs the consumer that the amount of the debt stated in the letter will increase over time, **or** clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." Avila v. Riexinger & Assoc., LLC, 817 F3d 72, 77 (2d Cir 2016).

Therefore, the problem with the Balke letter is not that it "omits that portion of the Avila safe-harbor language" and thus "the Balke letter materially different from the Defendant's letter for Avila purposes." Quite to the contrary, the Balke letter, as in the case at bar, was deficient because according to the Balke court "as set forth in Carlin, **without any clarifying details**, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to 'accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.'" Balke, 2017 U.S. Dist. LEXIS 94021 (citing Avila, 817 F.3d at 77; Carlin, 852 F.3d at 217). This is precisely why it was reasonable for Plaintiff's Counsel to conclude the same result would happen in this case since the letter in this case stated: "[b]ecause of the interest or fees that may vary from day to day, the amount due on the day you pay may be greater."

If this case were in front of the Balke court that court would have most likely found the same as it did in Balke, namely that such language is not enough. Thus, although Counsel's interpretation of law in this case ended up being wrong, following the reasoning in Balke, which in turn, relied on Carlin and Avila, counsel should not be sanctioned either under Rule 11 or pursuant to 28 U.S.C. § 1927. I, attorney Igor Litvak, do not conveniently ignore the excellent safe-harbor rational set forth at the end of Your Honor's decision. Instead, I, in my humble reliance on Carlin and Balke, tried to zealously represent the interests of my Client by "expansion of the law through creative legal theories."

Thank you for your consideration of this letter.

Respectfully,

/s/ Igor Litvak
Igor Litvak, Esq.
NY Bar No. 5109749

cc: All attorneys of records via ECF