**ROBERT L. ARLEO, ESQ. P.C.**
380 Lexington Avenue
17th Floor
New York, N.Y. 10168

Telephone: (212) 551-1115                                                                                    Fax: (518) 751-1801
Email: robertarleo@gmail.com

March 11, 2019

Honorable I. Leo Glasser
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP
17-cv-04472 (ILG)(ST)

Dear Senior District Judge Glasser:

  Please accept this letter in response to the letter filed this morning by attorney Igor Litvak (Dkt. No. 30). Said letter was filed in response to my letter dated March 8, 2019 to Your Honor advising of the decision issued by District Judge Brian Cogan in another FDCPA lawsuit wherein Mr. Litvak is named as a counsel for a consumer plaintiff, *Saraci v. Convergent Outsourcing*, *Inc.,* 18-cv-6505.

   In his letter filed today, Mr. Litvak, partly and bizarrely referring to himself in the third person, objects to my simple notification to Your Honor of the *Saraci* decision and Judge Cogan's admonishment comments made therein. Mr. Litvak, in attempting to explain the reasons why he remained an attorney of record for the plaintiff on the date the *Saraci* decision was issued by Judge Cogan, asserts that he was simply doing a favor for the other attorneys listed in *Saraci*. Mr. Litvak demonstrate his failure to grasp that an attorney of record for a party in a civil lawsuit is just that, the attorney for the party with the presumption that he is zealously advancing the allegations advanced by that party. Indeed, the *Saraci* docket indicates that, at the January 10, 2019 conference to which Mr. Litvak's references, Judge Cogan conducted a limited oral argument in regard to an order to show cause which he previously issued. In regard to Mr. Lavak's assertions concerning Judge Cogan's alleged statements regarding Rule 11 at the January 10th conference, Judge Cogan's *Saraci* summary judgment decision would seem to indicate otherwise.

   In regard to Mr. Litvak's false allegation that I am attempting to "mislead" Your Honor because I know that he "..no longer practice FDCPA…". The *Saraci* decision indicates that, for *that* lawsuit, Mr. Litvak is deemed to be practicing FDCPA. Had he not wanted to be part of the *Saraci* lawsuit after he appeared at the January 10, 2019 conference, Mr. Litvak should have simply filed a motion to withdraw as counsel pursuant to Local Rule 1.4. Otherwise, Mr.

Litvak's reference to the alleged basis of my prior alleged attempt to mislead Your Honor is explained in my letter dated April 12, 2018 to Your Honor (Dkt. No. 21).

    Finally, Mr. Litvak improperly continues to advance alleged legal arguments in the remaining portion of his letter to Your Honor. Same is patently improper and should be disregarded.

                                              Respectfully submitted,

                                              / s / *Robert L. Arleo*

                                              Robert L. Arleo

RLA:gra
cc: All attorneys of records via ECF
    Mullooly, Jeffrey, Rooney & Flynn, LLP