UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
OKSANA TIMOSHENKO, on behalf of herself
and all other similarly situated consumers,

                      Plaintiffs,

      - against -

MULLOOLY, JEFFREY, ROONEY & FLYNN
LLP,

                      Defendant.
----------------------------------------------------------------x

MEMORANDUM AND ORDER
17-CV-4472 (ILG) (ST)

**GLASSER**, Senior United States District Judge:

      Pending before the Court is its *sua sponte* order to show cause for why Plaintiff's counsel, Igor Litvak, should not be sanctioned for violating Fed. R. Civ. P. 11(b)(2) and 28 U.S.C. § 1927. *See Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 17-CV-4472, 2018 WL 1582220, *5 (E.D.N.Y. Mar. 30, 2018). Fed. R. Civ. P. 11(b)(2) provides that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

      A complaint alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, was filed to commence this civil action. For reasons fully discussed in a Memorandum and Order granting Defendant's motion for judgment on the pleadings, the Court found that the Plaintiff's claim was patently frivolous in light of existing Circuit Court precedent, and that the evidence strongly suggested that the Plaintiff's attorney knew that to be the case. *See Timoshenko*, 2018 WL 1582220; May 4, 2018 Hr'g Tr. [ECF No. 28].

2

The foregoing notwithstanding, the Court will forego monetary sanctions in the belief that an admonition will suffice. The specifics of an admonition should not need a recitation. It is regrettable to have to remind an attorney not knowingly to misstate the law or the facts to achieve a gain for his client. To remind him that his obligation is owed not only to his client, but to the court, to the demands of the judicial process, and to the integrity of the profession in which he is licensed to practice. But let this reminder serve as an admonishment to him.

The Clerk is directed to close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         April 25, 2022

                                                    /s/_____
                                                    I. Leo Glasser
                                                    Senior United States District Judge